**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5356-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PETER RALLIS,

     Defendant-Appellant.

_____

Argued May 22, 2019 – Decided June 7, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 13-03-0502.

Jessica A. Wilson argued the cause for appellant (Kalavruzos, Mumola, Hartman & Lento, LLC, attorneys; Edward C. Bertucio, of counsel and on the briefs; Elyse S. Schindel and Jessica A. Wilson, on the briefs).

Ian D. Brater, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Ian D. Brater, on the brief).

PER CURIAM

Defendant Peter Rallis appeals from a June 18, 2018 order denying his post-conviction relief (PCR) petition. We affirm for the reasons set forth in the thorough and well-reasoned decision of Judge Paul X. Escandon.

We take the following facts from the record. In January 2012, a confidential informant (CI) contacted a member of the Monmouth County Prosecutor's Office Narcotics Strike Force with information that a Holmdel Township resident named "Pete" was involved in a large-scale cocaine distribution operation. The CI provided the color, make, model, and license plate of the suspect's vehicle, which motor vehicle records revealed was registered to defendant's residence. The CI arranged four drug buys between an undercover detective and defendant. Task force members observed defendant exit his residence with envelopes containing cocaine, which he placed inside an SUV adjacent to the residence, and then remove cash the detective had placed in the vehicle to fund the drug buys.

As a result, the task force obtained and executed a no-knock search warrant for defendant's residence. The search warrant yielded nearly twelve ounces of cocaine, $12,212 in cash, a digital scale, an electric money counter, a ledger of narcotics sales, and other contraband.

Defendant and his wife, who was present when the warrant was executed, were subsequently indicted on multiple drug possession and possession with intent to distribute charges. Defendant filed a motion to suppress the evidence seized alleging the judge who issued the warrant was biased, to compel the State to divulge the identity of the CI, for a hearing, and for other relief. The trial judge granted the request to divulge the identity of the CI. After doing so, the State dismissed the first nine counts of the indictment related to the drug buys and non-warrant related evidence.

Defendant renewed his request for discovery and a hearing related to the warrant judge's impartiality, but then withdrew the motions. The trial judge denied defendant's motion to suppress. As a result, pursuant to a negotiated plea, defendant pled guilty to first-degree possession of a controlled dangerous substance with the intent to distribute, N.J.S.A. 2C:35-5(b)(1), and was sentenced to a ten-year term of incarceration with forty-two months of parole ineligibility. The State dismissed all charges against defendant's wife.

Defendant appealed from his conviction and we affirmed. State v. Rallis, No. A-5629-13 (App. Div. May 23, 2016). In the prior appeal, defendant raised an argument similar to an argument set forth in his PCR petition. He claimed the judge who issued the warrant should have recused himself because his

brother worked for the prosecutor's office, which sought the warrant, and therefore the trial judge should have suppressed the evidence. We concluded there was "no evidence of actual bias or partiality by the warrant judge" to justify recusal. Id. at 13-14. We further concluded the totality of the circumstances did not require suppression of the evidence because "there was ample support for the warrant." Id. at 22-23.

In the PCR petition related to this appeal, defendant challenged his plea and claimed: 1) he had a colorable claim of innocence on due process and statutory entrapment grounds; 2) his prior counsel obtained exculpatory information from the CI, which counsel did not share with the State; 3) he was coerced into accepting the plea bargain; and 4) the State would not be prejudiced if the plea were withdrawn.

The non-plea related grounds for defendant's petition asserted his counsel was ineffective because he: 1) pressured defendant into accepting a guilty plea without using the information provided by the CI to achieve a better result; 2) engaged in unethical conduct by urging defendant to retain a disbarred attorney to prepare the appeal and to sell one of counsel's motorcycles for money; 3) did not challenge the execution of the search warrant; 4) did not assert a meritorious defense of due process and statutory entrapment based on conversations between

the CI and defendant; and 5) as part of the motion to suppress, failed to argue for the warrant judge's disqualification from any case involving defendant.

Judge Escandon issued a twenty-two page written decision, which denied defendant's petition without an evidentiary hearing. The judge found defendant's claims regarding disqualification of the warrant judge and validity of the search warrant were previously rejected on appeal and procedurally barred pursuant to Rule 3:22-5. The judge denied defendant's ineffective assistance of counsel argument finding "[t]he issues regarding the [CI] and the other potentially exculpatory [evidence] are purely speculative because a rational defendant would not have rejected this plea." Likewise, the judge concluded defendant's claim he had an entrapment defense failed because "[t]he prior counts that related more specifically to controlled buys and the CI were dropped as part of the plea agreement."

The judge concluded defendant could not claim an ethical violation on the part of his counsel because he never retained the disbarred attorney. Moreover, the judge found no evidence of a causal connection between the alleged conduct and defendant's guilty plea.

 A-5356-17T3

Judge Escandon rejected defendant's arguments for withdrawal of the plea. Addressing the State v. Slater[1] factors, he concluded "[t]here is no evidence in this record to support any claim of innocence." Moreover, he found

> plea counsel acted appropriately and professionally, . . . reviewed the case with defendant on several occasions and the plea and supplemental form with defendant. Defendant had ample time to discuss waiving his constitutional rights with plea counsel. Defense counsel reviewed the discovery, indictment, and accusations. [P]lea counsel . . . discussed the penal consequences of the plea.

The judge noted the favorable nature of defendant's plea, namely, that he received the minimum sentence and dismissal of the charges against his wife.

This appeal followed.

In his initial brief on appeal, defendant argues as follows:

> POINT I – THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA/PETITION FOR POST-CONVICTION RELIEF.
>
> POINT II – AN EVIDENTIARY HEARING SHOULD BE GRANTED PURSUANT TO STATE V. HOENS.[2]

In his reply brief, defendant raises the following additional points:

---

[1] 198 N.J. 145 (2007).

[2] No. A-4208-15 (App. Div. May 4, 2017).

A.   APPELLANT IS ENTITLED TO POST-CONVICTION RELIEF PURSUANT TO STRICKLAND V. WASHINGTON.[3]

B.   APPELLANT IS ENTITLED TO WITHDRAW HIS GUILTY PLEA PURSUANT TO STATE V. SLATER.

I.

When the PCR court does not hold an evidentiary hearing, we "conduct a de novo review[.]"   State v. Harris, 181 N.J. 391, 421 (2004).   To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland, 466 U.S. at 687, adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 67 (1987).  "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"   State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, 466 U.S. at 687).   The "defendant must overcome a strong presumption that counsel rendered reasonable professional assistance."   Ibid. (citing Strickland, 466 U.S. at 689).   Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense.  'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional

---

[3]  466 U.S. 668 (1984).

A-5356-17T3

errors, the result of the proceeding would have been different.'" Id. at 279-80 (quoting Strickland, 466 U.S. at 694).

A PCR court need not grant an evidentiary hearing unless "a defendant has presented a prima facie [case] in support of post-conviction relief." State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid. (citing Preciose, 129 N.J. at 463). The court must view the facts "in the light most favorable to defendant." Ibid. (citing Preciose, 129 N.J. at 462-63).

> Where a defendant challenges the validity of a plea, the court should
>
>> consider and balance four factors in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Slater, 198 N.J. at 157-58.]

Having considered defendant's claims under the aforementioned standards, we affirm for the reasons set forth in Judge Escandon's decision. Rule 3:22-5 clearly barred defendant's arguments regarding the warrant and the judge

who granted it. Notwithstanding, he presented no credible evidence of a prima facie case of ineffective assistance of counsel or a basis to vacate his plea on such grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5356-17T3